

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00058-CV

KENNETH RAY WALDROP                                        APPELLANT

V.

TERESA WALDROP                                             APPELLEE

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2006-61054-393

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

When a declaratory judgment case is over, the parties to a deed, will, written contract, or other writings constituting a contract have some expectation that the court will make a declaration regarding their rights under said deed, will, written contract, or other writings constituting a contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). Whether the party believes the

---

[1]*See* Tex. R. App. P. 47.4.

court's ultimate decision is right or wrong, the party at least should have some clarity regarding its rights.

Here, the parties had such clarity at the trial court level. The central issue below was whether the maintenance provision in the parties' agreed divorce decree was contractual in nature or subject to the spousal maintenance requirements of chapter 8 of the family code.[2] After the trial court made an interlocutory ruling that the maintenance provision was contractual and not subject to chapter 8's spousal maintenance requirements, Appellant Kenneth Ray Waldrop amended his petition to seek a declaratory judgment regarding the circumstances in which a party could modify the subject maintenance provision. After a bench trial, the trial court found that the subject maintenance provision "was contractual in nature and not subject to Section Eight of the Texas Family Code" and further found that the maintenance provision could only be modified by the death of either Kenneth or Appellee Teresa Waldrop, the remarriage of Teresa, the cohabitation of Teresa, or Teresa receiving her benefit from a Kimberly Clark pension.

On appeal, Kenneth challenges the trial court's finding that the subject maintenance provision is contractual and not subject to chapter 8's spousal maintenance requirements (his first issue) and challenges the trial court's declaration regarding the circumstances in which the subject maintenance

---

[2]*See* Tex. Fam. Code Ann. § 8.001 (West 2006).

provision could be modified (his second issue).  But rather than addressing these issues, the Majority assumes—without deciding—that the subject maintenance provision calls for chapter 8 spousal maintenance and concludes that Kenneth does not meet the modification requirements of chapter 8.[3]  According to the Majority, Kenneth's first two issues need not be reached because it concluded that Kenneth did not establish a material and substantial change to his circumstances—the standard for modification under chapter 8.  *See* Tex. Fam. Code Ann. § 8.057(c).

As I see it, Kenneth's second issue—whether the trial court erred in declaring the circumstances required to modify the subject maintenance provision—does not go away simply by assuming that chapter 8 applies. Perhaps it would go away if the Majority actually reached Kenneth's first issue and held that the subject maintenance provision calls for chapter 8 spousal maintenance, but the Majority makes no such holding.  I fear the parties will be back before the trial court (and ultimately us) in the near future to again determine whether the maintenance obligation should be modified.  The same issues will need to be litigated then because we have not addressed them here. Does the subject maintenance provision call for contractual maintenance, as the trial court held, or does it call for chapter 8 spousal maintenance as the Majority

---

[3]Under chapter 8, a trial court may modify a spousal maintenance obligation "on a proper showing of a material and substantial change in circumstances . . . relating to either party."  Tex. Fam. Code Ann. § 8.057(c) (West Supp. 2016).

assumes? Can the subject maintenance provision only be modified by the death of either Kenneth or Teresa, the remarriage of Teresa, the cohabitation of Teresa, or Teresa receiving her benefit from the Kimberly Clark pension, as the trial court held, or are there other circumstances—like a material and substantial change in Kenneth's circumstances—that would allow for the modification of the subject maintenance provision? Kenneth raised these issues, and we did not address them.[4] Because I think we should have, I respectfully dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED: September 29, 2016

---

[4]It is particularly troubling to me that we do not reach Kenneth's second issue—the issue in which he challenges the trial court's declaration of his right to modify the subject maintenance provision—when we reach his fourth issue concerning the award of attorney's fees. As noted by the Majority, that award of attorney's fees was based on the suit being brought under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015). It seems to me that if we uphold an award of attorney's fees based on a declaratory judgment then we should address the merits of the declaratory judgment when they have been raised on appeal.